Case number 21-5929 Polyweave Packaging Inc v. Peter Buttigieg Arguments not to exceed 15 minutes per side Mr. Lee, you may proceed for the appellant Good morning, my name is Shang Lee, Counsel for Appellant Polyweave. I'd like to reserve 3 minutes rebuttal, please. Very well. May it please the Court, this is the case about an agency's abuse of regulatory and enforcement power against a small business with only 7 employees by withdrawing regulations that promise due process, rights and protections for the accused in enforcement actions during a pending enforcement action against that company. The Department began to prosecute Polyweave in 2016 and informal proceedings ended by the end of 2017 when these regulations did not yet exist. In February 2019, the General Counsel of the Department recognized that its enforcement proceedings have been routinely violating due process rights and therefore he promulgated a memorandum instructing agencies with certain... You can assume we know all the facts. Oh, sure, of course. And there are a lot of issues in this case and you might want to just get right to the merits. The point is, it's a... Sorry, the point is... How about standing, you know? Let's talk about that. So, you are, as I understand it, you're seeking prospective injunctive relief. Correct, Your Honor. You want the reinstatement of the regulation. Correct. And the enforcement proceeding is concluded, is that correct? Yes, Your Honor. There's no... Sorry, to clarify, Your Honor... Except for your... Except for the appeal, yes. And you haven't received anything akin to a target letter or anything like that with respect to perhaps some other enforcement proceeding that they're going to bring against your client, is that correct? No, Your Honor. However, I would say this is not in the record because it happened after this appeal was filed. Okay. But there has been communication regarding customers of Polly Weep. Okay, well, we have to decide the case on the... Of course. ...before us. And so, you're seeking prospective relief that would allow you to get, as a matter of course, certain documents if you were prosecuted again. And so, as to that claim, I'm wondering why this isn't like City of Los Angeles versus Lyons, if you're familiar with that case... Sure. ...where the plaintiff had in the past been subject to a chokehold and feared that he would be subject to a chokehold in the future, sought only prospective injunctive relief as opposed to damages for something that happened in the past. And the court said that he lacked standing because there was no actual or imminent injury. It was too speculative that he would again encounter an officer and again be subject to a chokehold. And so, I wonder why your situation isn't the same. You're worried about the prospect of a future enforcement action, but we don't really have any imminent prospect. And you're worried that something might happen in that situation, but none of these things are sort of actual or imminent. I think there's a couple of distinctions, Your Honor. The first is that, as you mentioned, there is still an appeal of the administrative decision before this court. If Polly Weave, and we believe Polly Weave will, prevail in that appeal, it's very possible that the adjudication will go back to the agency. But we're speculating there, but go ahead. But if that occurs, Your Honor, then Polly Weave would be injured by the denial of exploitatory evidence from the agency. And I don't think that's speculative in the same way that Lyons was speculative. In Lyons, this is something we address in that case. I mean, that starts to – I'll be candid. I look at this case, and I think either they lack standing, maybe. This is my concern. Either they lack standing, or if they do have some actual injury, it's actually very much intertwined with the proceeding itself. And ergo, we ought not to be adjudicating that in this separate proceeding. Your Honor, I don't think it's intertwined with the administrative proceeding, because the administrative proceeding, as Your Honor knows, is appealed directly to this court under Section 5127. The exclusive jurisdiction in that provision, it's limited to the Secretary's actions under that Chapter 51 of the statute. This regulation, however, comes from a separate chapter. We couldn't, in that – because I have the same question Judge Ketledge has. If in review, in that exclusive review that would come straight to us, we would not be able to address the issue of what procedural regulations were properly applied or not applied? Well, I think, Your Honor, you would be able to address whether Polly Weave had a fair hearing in that appeal. But we would also look at the law and see what kinds of procedures they were legally entitled to. And to do that, we would have to see whether they were properly in place. Well, under the – Your Honor, under the – Yes or no? I just don't understand that. Well, let me back up a second, Your Honor. So under the governance reading, the withdrawal of this regulation, if Polly Weave had a pending administrative adjudication, under the governance reading, they would go directly to the Court of Appeals under 2157. However, another company, let's say not under current investigation or current enforcement, would somehow go to the district court. We don't believe the exclusive – Why would they go? I mean, they don't care. They're not – because these are procedural regulations that you're challenging. If they don't think they're going to be prosecuted against or enforced against, then those don't affect them. We think there's always a specter of these enforcement and prosecutions against companies. Well, wait until one of them happens and then challenge the procedures that you're given and the procedure that is applied to you. That's sort of the standard way under administrative law to challenge procedural regulations is to – unless they affect what you do now, if these are regulations that affect, you know, the substantive activities that you're undertaking, that might make sense. But I don't see you making any – when you make your standing arguments, this is the idea that it's either standing or entwined. When you make standing arguments, you're referring to what's going to happen to you in a proceeding because they're procedural regulations. You're not talking about what you have to do when you're out there conforming. It's not a rule of conduct. It's not a rule of conduct. It's a rule of conduct. That's what I'm trying to say. It's the executive self-regulating. And who cares if the executive isn't acting towards, you know, you or a particular entity? We don't think it's just the executive regulating, Your Honor. The executive is promising third-party rights in these regulations that are promulgated. I mean, this – I mean, there's a sharp distinction between rules of conduct that take the form of rules of general applicability, binding upon subjects on the one hand, and on the other hand, the government prescribing rules, the executive prescribing rules for the executive. Here's how we're going to put contracts out for bid. This sort of, like, internal management of, frankly, an organization, not of society, of an organization. And, I mean, I look at this and, you know, it's like this is the executive promulgating rules for itself, being transparent about that, I guess, and telling everyone, by the way, you don't have any right to invoke this on your behalf. We're just being transparent about our intentions. On the point of the disclaimer at the end, Your Honor, we think a simple boilerplate disclaimer like the one that was in the 2019 regulation. But that's fine. But this is – this is not a rule of general applicability, right? It's not a rule of conduct that binds us as we go about – make our plans in life, right? We think it does affect third-party – sorry, the regulated community's conduct because it informs the regulated community what they can expect in an enforcement. It doesn't in an enforcement, though. My distinction is slightly different from Judge Kagan's. Oh, yes. I take what he's saying. Yeah. But I think you could just limit it to these are procedural requirements, requirements that you claim need to be followed in procedures. And those procedures lead to results that are appealable in the court of appeals. So if there's a procedure that affects your – if there's a procedural limit or some procedure that you're not getting in that enforcement proceeding, you can challenge it. I thought you were suggesting a minute ago that you couldn't. But surely you could. If they – if, for instance, they withdrew something and they were required to go through notice and comment before they withdrew a procedural protection and that meant you didn't get the procedural protection, the place you didn't get it is in an enforcement proceeding that's reviewable in the court of appeals. Your Honor, regulations under the APA by themselves, both the promulgation and the revision of which are presumptively reviewable. They're reviewable, absolutely. And the place they're reviewable is in the court of proper jurisdiction under the APA, which in this case, unusually, is the court of appeals immediately. Not go to the district court. That's where they're reviewable. That's usually where you have actually, you know, an injury. And that's where you have the injury. We think the injury – we think the injury here, Your Honor, occurs even though – even if we agree that – which we don't, but even if the rights themselves are merely procedural, under Spokio and under the Second Circuit decision in Maddox, the promulgation by the government of a procedural right that is designed specifically to protect against harms that are traditionally recognized here, violations of due process, particularly the withholding, those themselves, the deprivation of those procedural rights by themselves, give rise to an injury that's cognizable, for standing. There has to be actual deprivation. There has to be an actual or imminent instance. You would get production of some documents, and now – like, let me ask you this question. Let me just confirm this point. My understanding from the complaint is that you are not alleging that the government is currently withholding documents that were – to which you were entitled under this reg with respect to the prior proceedings. Your Honor, based on the magic of Brady is that we never know what the government may or may not be withholding. And, in fact, we've asked the government – But just are you – I mean, my understanding is you are not – it's sort of binary. You are not – my understanding is you are not alleging that they are – I know there's a lot of back and forth and they cough stuff up, but that they are not – you are not alleging that they are currently withholding. Well, the complaint was written in May 2021. What's the answer, yes or no, and then we can go through the – So, yes, Your Honor – the answer would have to be yes, Your Honor, because we don't – they have not promised to give us everything that they're withholding. So your position in this court is that they are currently withholding. Well, Your Honor, we can't know what – we can't know that. I guess the point is in May 2021, we alleged that they were then currently withholding documents. And then in July 2021, after first saying they weren't withholding anything, the government then admitted that they did withhold – Get all that history. If they're withholding something, you know, with respect to your prior proceeding, why don't we just address that in the other petition that you have in front of us as to that proceeding? You can go ahead. Thank you, Your Honor. I think the reason is that while that proceeding will be limited to the decision of one party, the regulations here, it certainly injures that one party, but it affects – it's a regulation of general applicability. It has standing on the basis of that, though. I mean, that's why we have, you know, standing law, and you can't litigate generalized grievances. The one party who's actually been hurt comes in and complains about it, right? Thank you, Your Honor. Okay. All right. Well, any questions before we reply? Not right now. No. Okay. You'll have your rebuttal. Hear from the government. May it please the Court. Edward Himmelfarb with the Department of Justice, representing the Secretary of Transportation. Congress created a system in which an entity that's regulated by PHMSA can challenge the agency's action against it in court, but Congress was very clear that those challenges had to be brought through petition for review in the Court of Appeals. Here, the enforcement action against PolyWave is final. PolyWave has filed a petition for direct review in this court, numbered 21-4202. PolyWave has already filed its opening brief in that appeal, and it's making objections to the civil penalty that was assessed against it by the agency. So in this case, there's really nothing for this court to do at this point. The agency's administrative proceeding is now over. PolyWave has received all of the documents that it requested in that proceeding, and so injunctive relief doesn't work at this point. So the proper thing to do – You said a side standing on the statutory jurisdictional point. Are you familiar with the Axon case that's currently pending at the Supreme Court? I'm sorry? I guess the answer is no, but I didn't hear which part of the case. There's a circuit split on the scope of these clauses that implied strip district courts of jurisdiction, and the court is considering one of these cases in the FTC context. And I was curious, I guess since you don't know about the case, you can't really opine on it I suppose, but it seems to me that that would impact whether there was subject matter jurisdiction under this statute. Well, Your Honor, the only thing I can tell you is if the Supreme Court decides something that's relevant here, the court obviously is going to have to take it into account. Yeah, but what do you make of – so just the split is about like free enterprise fund was a case that was a facial challenge to appointments of the entity there. And there was the argument that it should have only been brought through the process that was involved, and the court just gave it the back of the hand and said no, this type of enforcement proceeding, or this type of facial challenge fell outside of that because they weren't challenging a specific order. And I think there may very well be problems with standing here, but if I assume that they had standing, and I read the language of the exclusive review provision, it's only about setting aside the final action or order of the secretary. And an injunction on these procedural things would have absolutely no effect on the final agency action and that other proceeding. Well, it would in the sense that the agency is not allowed to use the procedures. Well, that proceeding is done. It would be prospective. So this all assumes that they have standing, of course. Right. But assuming that they have standing, it would just be they get their injunction, setting aside these regulations, that other thing is happening, that other appeal, and then going forward you have to apply the old regs. Well, the only thing that's happening – first, these are procedural regulations only. They affect this entity only when it's being subject to an enforcement proceeding. These are not generally applicable to all – in the ordinary course of a regulated entity's business, they have nothing to do with that. And so they're completely related to the civil penalty enforcement proceedings, and therefore they're all totally bound up in that, and therefore the challenge to them has to be made on direct review. What does it mean to be bound up? The way I read the text of this provision, it just seems to me you ask, what remedy are they seeking? Are they seeking to set aside the final agency action in the other case, which I assume was this penalty for $12,000 or whatever the amount was. I might be wrong. And if they're not, it strikes me as I don't understand why it falls within the text of the exclusive review provision. Because ultimately the only reason they're challenging these procedures is that the agency is trying to reach a final agency action against them or in relation to them. The final agency action could have been that there's no violation here. But their right to review is totally, under 5127, is totally in the Court of Appeals at the end of the proceeding. And if the court – It goes back, in my view, to under your view, if there's a new regulation that is issued and somebody just happens to be a new facial regulation that's issued and somebody just happens to be in the administrative process, that party that's in the administrative process can only go through the petition for review. Everybody else who might be adequately injured can bring their regular APA challenge. That makes no sense. Not necessarily, Your Honor, because you're assuming, I believe, that the regulation is a substantive regulation, that that would be the only way that these other entities that are not participating in an agency proceeding could challenge it. Because it would affect them. But here we're talking about non-substantive – The Enterprise Fund was a case – It was a facial challenge. It was to the way the – It's not administrative, judges. I'm blinking on the name. The way the entity, the federal agency, was appointed. So it was, in that sense, a procedural challenge, saying the appointment was unconstitutional under the Appointments Clause. And the court said, as long as you have standing, which was risk, an imminent risk that this entity may come act upon you, this facial challenge was perfectly fine. You didn't have to wait for the administrative process to take place. So I agree that there might be standing issues here. But if we assume that they have standing, I'm struggling with why it would fall within this provision. Well, I'm not sure. Which circuit was Free Enterprise Fund? It was the Supreme Court. Oh, I'm sorry. Supreme Court. Well, I don't really have – Could one answer possibly be that if you're saying the head of the agency is improperly appointed, then everything the agency does, which includes interact with people outside of the enforcement context, is illegal. And then it wouldn't be limited to issues that, of necessity, only arise in – It would not be solely procedural. It would be, in effect, implicitly substantive also. Yeah, but the facts of the case were the agency was about to bring enforcement proceedings against us, and that's what gave us standing. Well, but your position is if it's a purely procedural rule, you do have to be in a proceeding in order to challenge that. And because of this jurisdictional provision, that would be after it's over and you would bring that petition here in the first instance. And you would make all of your procedural arguments here on the direct review proceeding. I mean, if you had some analog to Rule 26 of civil procedure, or if an agency had promulgated a rule that – or a regulation that amounts to an analog to some provision of Rule 26, somebody on the street wouldn't be able to come in and say, geez, I'm worried I'm going to be in a proceeding someday and I don't like that discovery provision. They'd have to have something bad happen in the action and make some – Exactly. Right? Exactly. And so if, in fact, the agency deprived them of certain discovery – I mean, discovery is really not – doesn't work, right, in enforcement. But if the agency denied them some procedural right like that, they would challenge it on direct review under this specific statute. They would go on direct review to the court of appeals. Yeah. And there is a case like this. I mean, if the ruling is that you can challenge procedural issues directly in district court immediately, then the courts of appeals are going to have parallel cases coming up all the time because there are lots of agency enforcement proceedings like this, maybe not with PHMSA, but many other agencies have these proceedings administratively. And you're going to have – Can I ask you a factual question? Absolutely. The plaintiffs in their brief kind of rather pointedly assert that the government has not directly represented to the district court or perhaps to our court so far that it has, in fact, produced all of – would have required them to produce, you know, the exculpatory kind of stuff. Right. You're right. You know, the representations have been, well, Your Honor, you know, we represented that we produced the stuff, you know, and some – I mean, I don't know if this is ringing a bell as to their argument. So I asked the question earlier of Mr. Lee, you know, are you alleging that they're currently withholding? And I guess I would ask you the sort of converse. Are you able to assure us that the government has produced everything? We produced everything. Given the case file, they asked for additional documents of two categories. The agency thought that those were not relevant here and that they're not exculpatory, but they asked for them and added them to the administrative – because, of course, this is based on the administrative record, so they were added to the administrative record, and there are no pending requests for specific documents. So your representation to us is that the government has produced. That's what I've been – To the best of its knowledge, it's produced everything. Your Honor, that's what I've been advised. So I'm passing along a representation. Okay. Well, that's – I'm a personal one, but that's what I've been advised. No, I understand. Okay. Okay. And so in our view, the proper thing to do is to allow them to proceed in the direct review proceeding. It's being briefed now, and what this Court should do, in our view, is to affirm the dismissal of the action in this case and allow everything to go through the direct review proceeding. And it's our view that the best way to dismiss it is under subject matter jurisdiction based on 51-27. If the Court chooses to do it in standing, we're not going to object to that, but it's a subject matter jurisdiction in our view, and the dismissal should be affirmed here on whatever ground. Can I ask a follow-up question on standing? Yes. The parties in the district court, on the constitutional challenge and whether Brady applies in the civil enforcement context, the parties seem to suggest that it turns on the merits, and I found that somewhat strange because usually the way I think about standing is you ask whether you have an injury and whether your claim to legal right is plausible, and if it is, that's enough for standing. And then you go to the merits, and if you want to reject it, say Brady doesn't apply in the civil context, then that would be a merits ruling and we would just rule in the government's favor if we agreed rather than kick it on standing. Under the district court's view, whenever we reject a constitutional claim, it seems to me we would have to dismiss the claim for lack of standing. Do you see the concern I have with the district court's opinion which said this constitutional claim, you don't have standing to pursue it because there is no constitutional claim? Like the Brady thing you're talking about? Yes. We can't broom it on standing by reaching the merits of the Brady thing if it's colorable. I understand, but at the same time, it seems pretty clear that Brady doesn't apply to administrative proceedings. So whatever basis, whether it's subject matter, jurisdiction, or standing, or some other basis, it's quite plain. In their brief, they have a couple of district court cases from 50 and 60 years ago. The courts of appeals, as far as we can tell, have never opined on the subject. They certainly have cited them. We couldn't find them. It doesn't apply. Whether it's standing or not, if it's not standing, it's some other reason. He's asking about standing. He's asking about our determination of whether they have adequately alleged the invasion of a legally protected interest. So do they have a legally protected interest in getting these documents or having this reg in place? And they say yes, in part, because Brady mandates this regulation. And the question is, do we reach the merits of that Brady argument for purposes of standing, or do we just say it's colorable and therefore you satisfied legally protected interest? Right. I hear you, Your Honor. But I think the correct answer is don't deal with this because it's direct review in the court of appeals. Right. That's the other case. I mean, to me, that's the simplest way of dealing with this. And if you don't agree with that, then there are other ways of handling it. What about the fact that it's a generalized grievance, like you have to show an application? Their constitutional claim, just in the abstract, was this violates Brady. And that's not that. The rescission. The rescission of it violates Brady. But to suggest that that would be enough to create standing, then any time the government violates the Constitution, anybody could pursue relief. Right. Yes. I mean, I think their argument is only that, I mean, their argument is broad like that. I mean, what we would say is that the only reason they can even think about raising a claim like that is they're actually in this proceeding, which is going to lead to a final agency action. Again, I'm sorry to repeat myself, but it goes back to the court of appeals on direct review. So everything gets put together that way. I think, I mean, I'm sensing that your institutional concern is not so much about actual or imminent injury under Lujan and what that means, but is rather having a bunch of parallel proceedings that bring you to Cincinnati every few weeks. Well, that's not the problem coming to Cincinnati, Your Honor. But the problem is, I mean, you're right about our institution. I think the court's institution is very similar because the court doesn't want parallel cases coming up. You love it. We love it. Oh, sorry. Well, in that case, I don't know what to tell you. If the court has no further questions, thank you. All right. Thank you, sir. We'll hear a rebuttal. Thank you, Your Honors. On this standing issue that Judge Kethledge brought up, I'm going to go back and say, well, imagine what Polly Weave was in May of 2021. There was a pending agency action. Polly Weave obviously could not get direct review at that time, yet Polly Weave alleged and believed that evidence was being withheld. And, in fact, Polly Weave's allegations were proven correct when the government then said, hey, we have been withholding some of this evidence and here it is. You seem to be saying that that couldn't be raised in the context of a proceeding that's reviewable directly in our court.  So, yes, Your Honor. For one, the regulations were. That's what I'm having difficulty with because it just seems wrong. It seems like you could bring that and you would have standing within the context of that proceeding. And you could say, we was robbed, and we want review of it. You can probably even get preliminary relief from the Court of Appeals, but I'm just speculating. But the whole design is that it gets reviewed without going through a district court. Your Honor, the exclusive jurisdiction provision, again, only applies to orders under Chapter 51. And so Polly Weave could say this order was wrong. You say that this, yes, but the reason that the order is wrong is because the wrong rules were applied in enforcing it. And that's been traditionally part and parcel of judicial review that they're talking about. If you're saying that when you go up on review, you then cannot challenge the procedures that were used when you got this to this because those rules somehow had to have been brought somewhere else. It doesn't compute. I think, Your Honor, you could challenge the application of those rules, but you would not be able to challenge the promulgation of those rules. I don't see why that is. You could say you didn't apply a rule because you thought it didn't apply to you, but the law says that it does apply to you, and therefore, I should get my enforcement reviewed. This is standard stuff. People go in all the time. They say, oh, I didn't get the benefit of this rule. And the agency says, well, we've repealed that rule. I mean, you think that could not be argued in the substance of whether they applied that rule in the enforcement that you're talking about? I think that's the text of the statute does say that, Your Honor. And in any event, aside from the informational standing as a Do you agree that if it doesn't say that, then you lose? I'm sorry, Your Honor? Do you agree that if the statute that you refer to doesn't say that, that then you lose on this? Sure. If the statute says, and you can challenge any other, the promulgation or revision of any regulation that may affect enforcement proceedings or affect each order. Whether you can attack, for instance, the validity of a procedural regulation that's being applied in this procedure. Your Honor, I don't see a matter of time, but I would say that the statute doesn't say that. The text of the statute says Chapter 51, and this regulation is promulgated elsewhere. You've got an order under Chapter 51 or whatever, adverse to you. And you come to the Court of Appeals and the petition brought in the first instance there, and you ask for vacater of that very Chapter 51 order because they rescinded, in your view, wrongly, some regulation that adversely affected you in a procedural way during that proceeding. I mean, this is just like a Brady claim in a criminal case. And your honors vacate and remand and make them put the reg back or whatever relief as to that reg, and we get a do-over. I mean, you could get all of that relief in the other petition. Your Honor, I think the relief we get would be somewhat different. We would get the relief of vacater of the administrative decision. We would not get the relief of reinstatement of the rescinded regulation here. Well, if we said, you know, the reason we're vacating is because you wrongly rescinded, the agency might figure it out that they better reinstate or else this is going to keep happening. I mean, that's ultimately how we have the power. That's ultimately why the other branches listen to our decisions rather than say, well, my name isn't Marbury, so I don't have to worry about Marbury v. Madison, you know? Anyway, sorry. Why don't you take a minute and wrap up in whatever manner you like. Your Honor, we think the district court here wrongfully denied standing here. As Judge Murphy said, in addition to all these informational issues, there's still the constitutional Brady issue that we didn't talk about as much. But moreover, the district court's preliminary injunction decision, which we also didn't talk about, was also incorrect because the district court held here the desk secretary has apparently unlimited discretion to promulgate or revise whatever regulation he likes, which obviously is not true. Otherwise, all this sort of made prescribed regulation language would violate the non-delegation doctrine. Assuming this is law, which I think is a highly dubious assumption, this reg. But anyway. Thank you, Your Honor. But because of those reasons, Your Honor, we think you should reverse the district court's standing and preliminary injunction decisions. Thank you. Thank you, Mr. Logan. All right, the case will be submitted. The clerk may call the next case.